IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KARL SCHONWALDER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv106 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**INITIAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Karl Schonwalder, proceeding *pro se*, filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**FUNCTION OF HABEAS CORPUS**

The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the habeas writ is to secure release from illegal confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 92 S. Ct. 1827, 1833, 36 L. Ed.2d 439 (1973); *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) (the sole function of a writ of habeas corpus is "to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose"). In the instant case, Petitioner complains about the legality of his custody, but he also complains that he someone in the kitchen at the Grayson County Detention Center has tampered with his food, causing him to suffer food poisoning. He states that he has had "terrible cramps and diarrhea" as well as headaches. Claims concerning the food served at the detention center are not challenges to his conviction or the length or duration of his sentence. Thus, they are not properly presented in a habeas corpus petition. *Preiser*, 411 U.S. at 484, 92 S. Ct. at 1833. Rather,

Petitioner's complaint concerning the food must be pursued in a § 1983 civil rights action.

## RECOMMENDATION

It is recommended that the complaint concerning the kitchen and food service be **SEVERED** from the habeas corpus petition and be filed under a § 1983 civil rights claim.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 4th day of June, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE