IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KARL SCHONWALDER | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv106 |
| | § | |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Karl Schonwalder, proceeding *pro se*, filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Petitioner is in custody of the Grayson County Detention Center awaiting trial. Federal courts may not consider pre-trial habeas corpus petitions from state prisoners unless all available state habeas corpus procedures have been exhausted. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Furthermore, even if state procedures have been exhausted, habeas corpus relief will not be available absent "special circumstances." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489, 93 S. Ct. 1123, 1127, 35 L. Ed.2d 443 (1973). The Fifth Circuit has made it clear that, in Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985).

In the present case, Petitioner has not exhausted all habeas corpus remedies available in state court. In particular, the Texas Court of Criminal Appeals has not ruled on an application for a writ of habeas corpus. The proper procedures for pre-trial habeas corpus petitions are found in Tex. Code Crim. Pro. Ann. articles 11.08, 11.10, *et seq*. *See also State v. Lee*, 15 S.W.3d 921 (Tex. Crim. App. 2000); *Smith v. Gohmert*, 962 S.W.2d 590 (Tex. Crim. App. 1998).

Recommendation

It is recommended that the above-styled petition for writ of habeas corpus be denied without prejudice for failure to exhaust state habeas corpus remedies. When all state remedies have been fully exhausted, Petitioner may file a new petition in federal court if he has not already obtained the relief he seeks.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1)

(extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of July, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE