IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KARL SCHONWALDER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv106 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Karl Schonwalder, proceeding *pro se*, filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 13, 2015, this court dismissed his petition without prejudice for failing to exhaust state remedies. He has since filed a "Motion to Reopen Case" (dkt #28) and an "Emergency Petition to Hear Writ of Habeas Corpus and Stay Lower Court Proceedings" (dkt #29).

Petitioner claims that he has now exhausted his state remedies and requests that his case be reinstated[1]. In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals before resorting to the federal courts. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). In support of his motion, Petitioner attached a post card from the Court of Criminal Appeals. The post card notes that "the Court has denied without written order the motion for leave to file the original application for writ of habeas corpus."

---

[1]Reinstatement of Petitioner's § 2241 petition would not be possible in this case in any event. Petitioner's first petition, a pre-trial petition, was appropriately filed pursuant to 28 U.S.C. § 2241. Now that Petitioner has been convicted and sentenced, it is appropriate to file an action pursuant to 28 U.S.C. § 2254, provided that his state remedies have been exhausted. Thus, a new petition would need to be filed pursuant to 28 U.S.C. § 2254.

1

However, this does not constitute a denial of substantive issues raised in an application for state writ of habeas corpus. A review of the website for the Court of Criminal Appeals shows that the Court denied Petitioner's motion for leave to file on August 19, 2015, which is the date Petitioner was sentenced. The Court of Criminal Appeals received the application and motion on August 5, 2015. Thus, Petitioner prematurely filed his state writ of habeas corpus. *See* http://www.search.txcourts.gov/Case.aspx?cn=WR-83,689-01&coa=coscca. The Court of Criminal Appeals did not consider the issues raised in Petitioner's state writ; consequently, it did not serve to exhaust his state remedies. *Richardson*, 762 F.2d at 431-32.

Petitioner also filed an emergency motion (dkt #29) to hear his case and stop his transfer from Grayson County Detention Center to a Texas Department of Criminal Justice facility. Because Petitioner has failed to exhaust his state remedies, the portion of his motion asking this court to hear his case is denied for the reasons stated above. The portion of Petitioner's motion concerning his transfer should also be denied. Inmates have no right to be confined at any particular penal institution within the state. *Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S. Ct. 2532, 2538, 49 L. Ed.2d 451 (1976) (the Due Process Clause does not protect a duly convicted prisoner against transfer from one institution to another within the state prison system); *see also Maddox v. Thomas*, 671 F.2d 949, 950 (5th Cir.1982). Furthermore, the issue is now moot. The Texas Department of Criminal Justice website shows that Petitioner is currently confined in the Hutchins unit in Dallas, Texas. *See* http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=50656467. The website reflects a projected release date of January 13, 2016. Thus, it is

**ORDERED** that Petitioner's motion to reopen his case (dkt #28) is **DENIED**. It is also

2

**ORDERED** that Petitioner's motion to hear his writ of habeas corpus and stay the lower court proceedings (dkt #29) is **DENIED**. All motions not previously ruled upon are **DENIED**.

So **ORDERED** and **SIGNED** this **1** day of **December, 2015.**

_____
Ron Clark, United States District Judge